# EXHIBIT A

# IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
# STATE OF MISSOURI

| | |
|---|---|
| PAUL GEORGE, individually and on behalf of all others similarly situated in Missouri, | )<br>)<br>)<br>) |
| Plaintiff, | ) No. _____ |
| v. | )<br>) |
| BLUE DIAMOND GROWERS, | ) **JURY TRIAL DEMANDED** |
| Defendant. | )<br>)<br>)<br>) |
| Serve: Blue Diamond Growers<br>c/o Dean Lavallee, Reg. Agent<br>1802 C Street<br>Sacramento, California 95811 | )<br>)<br>)<br>) |

## PETITION AND JURY DEMAND

Plaintiff, Paul George, individually and on behalf of all others similarly situated in Missouri, alleges the following facts and claims upon personal knowledge, investigation of counsel, and information and belief.

## NATURE OF THE CASE

1. This case arises out of Defendant Blue Diamond Growers' ("BD" or "Defendant") deceptive, unfair, and false merchandising practices regarding its All Natural Blue Diamond Almond Breeze Almond Milk (the "Milk").

2. On the label of the Milk, Defendant prominently represents that the Milk is "All Natural." It is not. The Milk contains artificial, synthetic ingredients, including, on information and belief, potassium citrate, and the synthetic vitamins Vitamin A Palmitate, and Vitamin D-2 (the "Artificial Ingredients").

1

3. In addition, the ingredient list of the Milk includes the ingredient "evaporated cane juice" ("ECJ"). In reality, however, ECJ is not a juice—it is sugar. By disguising and naming sugar as ECJ, Defendant falsely and misleadingly lead Missouri consumers to believe the product does not contain sugar, or not as much sugar.

4. Plaintiff brings this case to recover damages for Defendant's false, deceptive, and misleading marketing and advertising in violation of the Missouri Merchandising Practices Act ("MMPA") and Missouri common law.

## PARTIES

5. Plaintiff, Paul George, is a resident of the City of St. Louis, Missouri. On at least one occasion during the Class Period (as defined below), including in November 2014, Plaintiff purchased individual containers of the Milk at Schnucks for personal, family, or household purposes. The purchase price of the individual containers was $2.99. Plaintiff also purchased cases of the Milk during the class period from Costco, in the amount of about $9.39 per case. The value of Plaintiff's claim is typical of all class members in this regard.

6. Defendant Blue Diamond Growers is a California corporation with its principal place of business at 1701 C Street, Sacramento, CA 95811. Defendant can be served with process by service on its registered agent in California: Robert Donovan, 1802 C Street, Sacramento, California 95811.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional limits of the Court. The amount in controversy, however, is less than $75,000 per Plaintiff and Class Member individually and less than $5,000,000 in the aggregate. Indeed, Plaintiff believes and alleges that the total value of his individual claims is, at most, equal to the refund of the purchase price he paid for the Milk.

2

Moreover, because the value of Plaintiff's claims is typical of all class members with respect to the value of the claim, the total damages of Plaintiff and Class Members, inclusive of costs and attorneys' fees, will not exceed $4,999,999 and is far less than the five million dollar ($5,000,000) minimum threshold to create federal court jurisdiction. There is therefore no diversity or CAFA jurisdiction for this case.

7. Defendant cannot plausibly allege that it had sufficient sales of the Milk in Missouri during the Class Period to establish an amount in controversy that exceeds CAFA's jurisdictional threshold.

8. This Court has personal jurisdiction over Defendant pursuant to Missouri Code § 506.500, as Defendant has had more than minimum contact with the State of Missouri and has purposefully availed itself of the privilege of conducting business in this state. In addition, as explained below, Defendant has committed affirmative tortious acts within the State of Missouri that gives rise to civil liability, including distributing the fraudulent Milk for sale throughout the State of Missouri.

9. Venue is proper in this forum pursuant to Missouri Code § 508.010 because plaintiff's injury occurred in the City of St. Louis and because Defendant is not a resident of this State.

10. Plaintiff and Class Members do not seek to recover punitive damages or statutory penalties in this case.

11. Pursuant to Missouri Rule of Civil Procedure 8(a), this pleading demands unliquidated damages. Accordingly, it is intended, and shall by rule be interpreted, to limit recovery to an amount less than that required for diversity or CAFA jurisdiction in federal court.

**BACKGROUND AND FACTUAL ALLEGATIONS**

12.     The Federal Food, Drug, and Cosmetic Act ("FDCA") gives the FDA the responsibility to protect the public health by ensuring that "foods are safe, wholesome, sanitary, and properly labeled," 21 U.S.C. § 393(b)(2)(A), and the FDA has promulgated regulations pursuant to this authority. *See e.g.,* 21 C.F.R. § 101.1 *et seq.*.

13.     Congress passed the Nutrition Labeling and Education Act of 1990 amending the FDCA to prescribe national uniform nutrition labeling for foods. HR Rep 101–538 (June 13, 1990).

14.     Under FDCA section 403(a), a food is "misbranded" if "its labeling is false or misleading in any particular," or if it does not contain certain information on its label or its labeling. 21 U.S.C. § 343(a).

15.     While there is no private right of enforcement under the FDCA, conduct that violates the FDCA is actionable under state law if it also violates state consumer protection statutes.

<u>"All Natural"</u>

16.     The FDA has issued informal guidance stating a policy that the use of the term "natural" means that nothing artificial or synthetic (including all color additives regardless of source) has been included in, or has been added to, a food that would not normally be expected to be in the food.  See 58 FR 2302, 2407, January 6, 1993.

17.     Thus, any artificial ingredients or any coloring or preservative can preclude the use of the term "natural," even if the coloring or preservative is derived from natural sources.

18.     Defendant falsely and misleadingly labeled the Milk as "All Natural" when it is not because it in fact contains the Artificial Ingredients.

4





19.     A reasonable consumer would not expect a product labeled "All Natural" to contain artificial ingredients.

5

Evaporated Cane Juice

20. In its guidance for industry and warning letters to manufacturers, the FDA has repeatedly stated its policy of restricting the ingredient names listed on product labels to their common or usual name, as provided in 21 C.F.R. § 101.4(a)(1).

21. An ingredient's common or usual name is the name established by common usage or regulation, as provided in 21 C.F.R. § 102.5(d).

22. The common or usual name must accurately describe the basic nature of the food or its characterizing properties or ingredients, and may not be "confusingly similar to the name of the other food that is not reasonably encompassed within the same name," as provided in 21 C.F.R. § 102.5(a).

23. In October 2009, the FDA issued Guidance for Industry[1] concerning "evaporated cane juice" claims stating:

- the term "evaporated cane juice" has started to appear as an ingredient on food labels, most commonly to declare the presence of sweeteners derived from sugar cane syrup. However, FDA's current policy is that sweeteners derived from sugar cane syrup should not be declared as "evaporated cane juice" because that term falsely suggests that the sweeteners are juice…

- "Sugar cane products with common or usual names defined by regulation are sugar (21 CFR 101.4(b)(20)) and cane sirup (alternatively spelled "syrup") (21 CFR 168.130). Other sugar cane products have common or usual names established by common usage (e.g., molasses, raw sugar, brown sugar, turbinado sugar, muscovado sugar, and demerara sugar)…

- "The intent of this draft guidance is to advise the regulated industry of FDA's view that the term "evaporated cane juice" is not the common or usual name of any type of sweetener, including dried cane syrup. Because cane syrup has a standard of identity defined by regulation in 21 CFR 168.130, the common or usual name for the solid or dried form of cane syrup is "dried cane syrup."…

---

[1] *See* http://www.fda.gov/Food/GuidanceComplianceRegulatoryInformation/GuidanceDocuments/FoodLabelingNutrition/ucm181491.htm

- "Sweeteners derived from sugar cane syrup should not be listed in the ingredient declaration by names which suggest that the ingredients are juice, such as "evaporated cane juice." FDA considers such representations to be false and misleading under section 403(a)(1) of the Act (21 U.S.C. 343(a)(1)) because they fail to reveal the basic nature of the food and its characterizing properties (i.e., that the ingredients are sugars or syrups) as required by 21 CFR 102.5. Furthermore, sweeteners derived from sugar cane syrup are not juice and should not be included in the percentage juice declaration on the labels of beverages that are represented to contain fruit or vegetable juice (see 21 CFR 101.30).

24. Defendant nonetheless falsely and misleadingly listed "evaporated cane juice" as an ingredient on the Milk, when that ingredient was in fact sugar.

25. Missouri consumers are thus misled into purchasing the Milk believing the Milk does not contain sugar, or not as much sugar.

Defendant's False and Misleading Practices

26. Defendant manufactures, sells, and distributes almond and other nut-based products, including the Milk.

27. Knowing that consumers like Plaintiff are more-and-more interested in purchasing healthy food products that do not contain potentially harmful synthetic ingredients and are free of added sugar, BD has sought to take advantage of this growing market by labeling certain products as "all natural" and as containing "evaporated cane juice" instead of sugar.

28. By affixing such a label and ingredient list to the packaging of the Milk, BD is able to entice consumers like Plaintiff to pay a premium for supposed the "all natural" products.

29. The label of the Milk is deceptive, false, and misleading in that BD prominently represents that the Milk is "All Natural" and contains ECJ, when in fact the Milk contains artificial ingredients and sugar.

30. Defendant's misrepresentations violate the MMPA's prohibition of the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material

7

fact in connection with the sale or advertisement of any merchandise in trade or commerce. § 407.020, RSMo.

## CLASS ALLEGATIONS

31. Pursuant to Missouri Rule of Civil Procedure 52.08 and § 407.025.2 of the MMPA, Plaintiff brings this action on his own behalf and on behalf of a proposed class of all other similarly situated persons ("Class Members" of the "Class") consisting of:

> All persons in Missouri who purchased All Natural Blue Diamond Almond Breeze Almond Milk in the five years preceding the filing of this Petition (the "Class Period").

32. Excluded from the Class are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

33. Upon information and belief, the Class consists of hundreds or thousands of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

34. There are numerous and substantial questions of law or fact common to all of the members of the Class and which predominate over any individual issues. Included within the common question of law or fact are:

    a. Whether the "All Natural" claim on the product's label is false, misleading, and deceptive;

Electronically Filed - City of St. Louis - April 20, 2015 - 12:22 PM

    b.    Whether listing "evaporated cane juice" as an ingredient is false, misleading, and deceptive;

    c.    Whether Defendant violated the MMPA by selling the Milk with false, misleading, and deceptive representations;

    d.    Whether Defendant's acts constitute deceptive and fraudulent business acts and practices or deceptive, untrue, and misleading advertising; and

    e.    The proper measure of damages sustained by Plaintiff and Class Members.

35.    The claims of the Plaintiff are typical of the claims of Class Members, in that they share the above-referenced facts and legal claims or questions with Class Members, there is a sufficient relationship between the damage to Plaintiff and Defendant's conduct affecting Class Members, and Plaintiff has no interests adverse to the interests other Class Members.

36.    Plaintiff will fairly and adequately protect the interests of Class Members and have retained counsel experienced and competent in the prosecution of complex class actions including complex questions that arise in consumer protection litigation.

37.    A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

    a. The claim presented in this case predominates over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

    b. Absent a Class, the Class Members will continue to suffer damage and Defendants' unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

    c. Given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

    d. When the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

    e. This action presents no difficulty that would impede its management by the court as a class action, which is the best available means by which Plaintiff and members of the Class can seek redress for the harm caused to them by Defendant.

38. Because Plaintiff seeks relief for the entire Class, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual member of the Class, which would establish incompatible standards of conduct for Defendant.

39. Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute, which is the center of this litigation. Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of other members of the Class who are not parties to the adjudication and may impair or impede their ability to protect their interests. As a consequence, class treatment is a superior method for adjudication of the issues in this case.

## CLAIMS FOR RELIEF

### First Claim for Relief

### Violation of Missouri's Merchandising Practices Act

30.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

31.     Missouri's Merchandising Practices Act (the "MMPA") prohibits the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce § 407.020, RSMo.

32.     Defendant's conduct constitutes the act, use or employment of deception, fraud, false pretenses, false promises, misrepresentation, unfair practices and/or the concealment, suppression, or omission of any material facts in connection with the sale or advertisement of any merchandise in trade or commerce in that Defendant misrepresents that the Milk is "All Natural" when it in fact is not because it contains artificial ingredients.

33.     Defendant's conduct further constitutes the act, use or employment of deception, fraud, false pretenses, false promises, misrepresentation, unfair practices and/or the concealment, suppression, or omission of any material facts in connection with the sale or advertisement of any merchandise in trade or commerce in that Defendant lists ECJ as an ingredient, instead of calling it sugar.

34.     Because the Milk is not "All Natural" as represented and contains undisclosed sugar, Plaintiff and Class Members paid extra for the Milk; the Milk as purchased was worth less than the Milk as represented.

35. Plaintiff and Class Members purchased the Milk for personal, family, or household purposes and thereby suffered an ascertainable loss as a result of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the product and the value of the product if it had been as represented.

36. Defendant's unlawful practices have caused similar injury to Plaintiff and numerous other persons.  § 407.025.2.

### Second Claim for Relief

### Unjust Enrichment

37. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

38. By purchasing the Milk, Plaintiff and the class members conferred a benefit on Defendant in the form of the purchase price of the fraudulent product.

39. Defendant appreciated the benefit because, were consumers not to purchase the Milk, Defendant would have no sales and make no money.

40. Defendant's acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendant's fraudulent and misleading representations about the Milk as set forth herein.

41. Equity cannot in good conscience permit Defendant to be economically enriched for such actions at Plaintiff and Class Members' expense and in violation of Missouri law, and therefore restitution and/or disgorgement of such economic enrichment is required.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated persons, prays the Court:

a. Grant certification of this case as a class action;

b. Appoint Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

c. Award compensatory damages to Plaintiff and the proposed Class in an amount which, when aggregated with all other elements of damages, costs, and fees, will not exceed $75,000 per Class Member and/or $4,999,999 for the entire Class, or, alternatively, require Defendant to disgorge or pay restitution in an amount which, when aggregated with all other elements of damages, costs, and fees, will not exceed $75,000 per Class Member and/or $4,999,999 for the entire Class;

d. Award pre- and post-judgment interest in an amount which, collectively with all other elements of damages, costs, and fees will not exceed $75,000 per Class Member and/or $4,999,999 for the entire Class;

e. Award reasonable and necessary attorneys' fees and costs to Class counsel, which, collectively with all other elements of damages, costs, and fees will not exceed $75,000 per Class Member and/or $4,999,999 for the entire Class; and

g. For all such other and further relief as may be just and proper.

Dated:  April 20, 2015    PAUL  GEORGE, Individually, and on Behalf of a Class of Similarly Situated Individuals, Plaintiff

By:  /s/ Matthew H. Armstrong
Matthew H. Armstrong (MoBar 42803)
ARMSTRONG LAW FIRM LLC

13

8816 Manchester Rd., No. 109
St. Louis MO 63144
Tel: 314-258-0212
Email: matt@mattarmstronglaw.com

and

Julie Piper-Kitchin (MoBar 60737)
KamberLaw LLC
4514 Cole Ave., Ste. 600
Dallas, TX 75205
(214) 306-4854
jkitchin@kamberlaw.com

Attorneys for Plaintiff and the Putative Class

14

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| PAUL GEORGE, individually and on behalf of all others similarly situated in Missouri, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 1522-CC00850 |
| v. | ) ) | Div. 1 |
| BLUE DIAMOND GROWERS, | ) ) ) | |
| Defendant. | ) | |

## ENTRY OF APPEARANCE

COMES NOW Julie E. Piper-Kitchin, of KamberLaw LLC, and hereby enters her appearance as an attorney of record for the above-named Plaintiff.

Respectfully submitted,

By:   /s/ Julie E. Piper-Kitchin
Julie E. Piper-Kitchin, MoBar 60737
**KamberLaw LLC**
4514 Cole Ave., Suite 600
Dallas, TX  75205
Tel:    214-306-4854
Email: jkitchin@kamberlaw.com

*One of the Attorneys for Plaintiff*

Electronically Filed - City of St. Louis - April 20, 2015 - 03:31 PM



# IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>BRYAN L HETTENBACH | Case Number: 1522-CC00850 |
|---|---|
| Plaintiff/Petitioner:<br>PAUL GEORGE<br><br>vs.<br><br>Defendant/Respondent:<br>BLUE DIAMOND GROWERS | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Notice and Acknowledgement for Service by Mail
(Circuit Division Cases)

### Notice

**To:  BLUE DIAMOND GROWERS**
DEAN LAVALLEE RAGT
1802 C STREET
SACRAMENTO, CA  95811

  The enclosed summons and petition are served pursuant to Missouri Supreme Court Rule 54.16.

  You may sign and date the acknowledgement part of this form and return one copy of the completed form to the sender within thirty days of 20-APR-2015.

  If you are served on behalf of a corporation, unincorporated association, including a partnership, or other entity, you must indicate under your signature your relationship to that entity.  If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

  If you do not complete and return the form to the sender within thirty days, you or the party on whose behalf you are being served may be required to pay any expenses incurred in serving a summons and petition in any other manner permitted by law.

  If you do complete and return this form, you or the party on whose behalf you are being served must answer the petition within thirty days of the date you sign in acknowledgment below.  If you fail to do so, judgment by default may be taken against you for the relief demanded in the petition.

  **I declare, under penalty of perjury, that this notice was mailed on 20-APR-2015.**

_____
Signature

### Acknowledgment of Receipt of Summons and Petition

  I declare, under penalty of filing a false affidavit, that I received a copy of the Summons and of the Petition in the above captioned matter.

_____     _____
Date                                                        Signature

_____
Relationship to Entity/Authority to receive service of process



# IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>BRYAN L HETTENBACH | Case Number: 1522-CC00850 |
|---|---|
| Plaintiff/Petitioner:<br>PAUL GEORGE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW HALL ARMSTRONG<br>8816 MANCHESTER RD<br>SUITE 109<br>SAINT LOUIS, MO  63144 |
| Defendant/Respondent:<br>BLUE DIAMOND GROWERS | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Service by Registered or Certified Mail

**The State of Missouri to:** BLUE DIAMOND GROWERS
Alias:

DEAN LAVALLEE RAGT
1802 C STREET
SACRAMENTO, CA  95811

**COURT SEAL OF CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner, or Plaintiff/Petitioner, if pro se, at the above address all within 30 days after the return registered or certified mail receipt signed by you has been filed in this cause. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in the petition.

APRIL 20, 2015
Date Issued

_Thomas Kloeppinger_
Clerk

Further Information:

## Certificate of Mailing

I certify that on _____ (date), I mailed a copy of this summons and a copy of the petition to Defendant/Respondent  BLUE DIAMOND GROWERS by registered or certified mail, requesting a return receipt by the addressee only, to the said Defendant/Respondent at the address furnished by Plaintiff/Petitioner.

_____        _____
Date                                                                       Clerk



IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>BRYAN L HETTENBACH | Case Number: 1522-CC00850 |
| Plaintiff/Petitioner:<br>PAUL GEORGE<br>vs.<br>Defendant/Respondent:<br>BLUE DIAMOND GROWERS | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Notice and Acknowledgement for Service by Mail
(Circuit Division Cases)

### Notice

**To:  BLUE DIAMOND GROWERS**
DEAN LAVALLEE RAGT
1802 C STREET
SACRAMENTO, CA  95811

The enclosed summons and petition are served pursuant to Missouri Supreme Court Rule 54.16.

You may sign and date the acknowledgement part of this form and return one copy of the completed form to the sender within thirty days of 20-APR-2015.

If you are served on behalf of a corporation, unincorporated association, including a partnership, or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within thirty days, you or the party on whose behalf you are being served may be required to pay any expenses incurred in serving a summons and petition in any other manner permitted by law.

If you do complete and return this form, you or the party on whose behalf you are being served must answer the petition within thirty days of the date you sign in acknowledgment below. If you fail to do so, judgment by default may be taken against you for the relief demanded in the petition.

I declare, under penalty of perjury, that this notice was mailed on 20-APR-2015.

_____
Signature

### Acknowledgment of Receipt of Summons and Petition

I declare, under penalty of filing a false affidavit, that I received a copy of the Summons and of the Petition in the above captioned matter.

5/20/2015
Date

_____
Signature

Counsel for Defendant Blue Diamond Growers
Relationship to Entity/Authority to receive service of process

Electronically Filed - City of St. Louis - May 20, 2015 - 03:14 PM