UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL GEORGE, individually and on behalf of all others similarly situated in Missouri, ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | No. 4:15-CV-962 (CEJ) |
| BLUE DIAMOND GROWERS, ) ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss or stay pursuant to the primary jurisdiction of the U.S. Food and Drug Administration (FDA). Plaintiff has filed a response in opposition.

### I. Background

Defendant manufactures "Almond Breeze" almond milk, a product it labels as "All Natural." The listed ingredients include items that plaintiff Paul George alleges are artificial within the meaning of FDA guidance. In addition, the label uses the term "evaporated cane juice," which the FDA has defined as false and misleading. Plaintiff claims that defendant's alleged mislabeling of Almond Breeze constitutes deceptive, unfair and false merchandising practices. He filed suit in state court on behalf of himself and a putative class, asserting claims for violations of the Missouri Merchandising Practices Act (MMPA), Mo.Rev.Stat. §§ 407.010 *et seq.*, and unjust enrichment. He seeks to certify a class consisting of all persons in Missouri who purchased Almond Breeze in the past five years. Defendant removed the action to this Court, pursuant to the Class Action Fairness Act (CAFA, 28 U.S.C. § 1332(d).

### II. Discussion

### A. CAFA Jurisdiction Requirements[1]

Under CAFA, district courts have subject matter jurisdiction in putative class actions where (1) the citizenship of any plaintiff is diverse from the citizenship of any defendant; (2) the putative class contains at least 100 members; and (3) the total amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d); see also Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553 (2014) (holding that, in case removed pursuant to CAFA, defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court). The jurisdictional requirements have been adequately pleaded in this case: Defendant alleges in its notice of removal that it is a California corporation with its principal place of business in California and that plaintiff is a citizen of Missouri. Doc. #1-1 at ¶ 14. Plaintiff alleges that the purported class consists of hundreds or thousands of purchasers. Doc. #4 at ¶ 33. Finally, defendant alleges that, "based on retail sales information . . . obtained from Information Resources, Inc.," the retail sales in Missouri during the five-year period preceding the filing of the complaint totaled approximately $14.2 million. Doc. #1-1 at ¶ 22 [Doc. #1].

### B. Primary Jurisdiction

Primary jurisdiction is a common law doctrine used to coordinate judicial and administrative decision making. City of Osceola, Ark. v. Entergy Arkansas, Inc., 791 F.3d 904, 908-09 (8th Cir. 2015) (quotation and citation omitted). The doctrine allows a court with jurisdiction to refer a case to the appropriate administrative agency for initial decision. Id. Courts use this doctrine sparingly due to the potential expense and delay which may result. Id. There is no "fixed formula" for deciding

---

[1] Plaintiff has not filed a motion to remand challenging the propriety of defendant's removal. Nonetheless, the court has an independent duty to determine subject matter jurisdiction. City of Kansas City, Mo. v. Yarco Co., 625 F.3d 1038, 1040 (8th Cir. 2010).

whether an agency has primary jurisdiction over a case; instead courts consider whether "desirable uniformity" would result from an agency determination and whether "the expert and specialized knowledge" of the agency is needed. Id. (quoting United States v. W. Pac. R.R. Co., 352 U.S. 59, 64 (1956)). When it is determined that primary jurisdiction to resolve an issue lies with an agency, a court otherwise having jurisdiction over the case may stay or dismiss the action pending the agency's resolution of the question. Alpharma, Inc. v. Pennfield Oil Co., 411 F.3d 934, 938 (8th Cir. 2005) (citation omitted). However, the doctrine is to be "invoked sparingly, as it often results in added expense and delay." Id. (quoting Red Lake Band of Chippewa Indians v. Barlow, 846 F.2d 474, 477 (8th Cir. 1988)).

Plaintiff's claims under the MMPA depend upon his allegation that defendant's use of the terms "All Natural" and "evaporated cane sugar" violate nonbinding guidance issued by the FDA. Specifically, plaintiff alleges that, in 1993 the FDA issued informal guidance stating that use of the term "natural" means that nothing artificial or synthetic has been added to a product.[2] Doc. #4 at ¶ 16. Similarly, in October 2009 the FDA issued an informal guidance stating that "evaporated cane juice" is not the common or usual name of any sweetener and that the use of this phrase in food labeling is deceptive and misleading.[3] Id. at ¶ 23.

Several misbranding cases have been brought against food manufacturers based on the FDA's guidance regarding the terms "All Natural" and "evaporated cane juice." Before March 5, 2014, many courts determined that the terms were sufficiently well defined to preclude application of the primary jurisdiction doctrine.

---

[2] See Food Labeling: Nutrient Content Claims, General Principles, Petitions, Definition of Terms; Definitions of Nutrient Content Claims for the Fat, Fatty Acid, and Cholesterol Content of Food, 58 Fed. Reg. 2,302, 2,407 (Jan. 6, 1993).
[3] See Draft Guidance for Industry: Ingredients Declared as Evaporated Cane Juice; Availability, 74 Fed. Reg. 51,610 (Oct. 7, 2009) (announcing availability of draft guidance).

3

See, e.g., Morgan v. Wallaby Yogurt Co., Inc., No. 13-CV-00296-WHO, 2013 WL 5514563, at *4 (N.D. Cal. Oct. 4, 2013) (declining to apply primary jurisdiction doctrine because FDA has issued guidance regarding whether evaporated cane juice is consistent with FDA requirements); Werdebaugh v. Blue Diamond Growers, No. 12-CV-02724-LHK, 2013 WL 5487236, at *11 (ND. Cal. Oct. 2, 2013) (rejecting the application of primary jurisdiction doctrine to the plaintiff's evaporated cane juice and "all natural" claims); Samet v. Proctor & Gamble Co., No. 12–1891, 2013 WL 3124647, at *8 (N.D. Cal. Jun. 18, 2013) (rejecting application of primary jurisdiction doctrine to evaporated cane juice claims).

On March 5, 2014, the FDA reopened the comment period on "evaporated cane juice" to obtain additional data. Draft Guidance for Industry on Ingredients Declared as Evaporated Cane Juice; Reopening of Comment Period; Request for Comments, Data, and Information, 79 Fed. Reg. 12507, 12507 2014 WL 824551 (March 5, 2014). Among other issues, the FDA requested comments on how evaporated cane juice is manufactured, whether there is a uniform industry standard for the ingredient, and whether the term "evaporated cane juice" adequately conveys the basic nature of the food, especially considering the potential confusion with "juice." Id. at 12,508. The FDA states that it intends to revise the draft guidance and issue it in final form after reviewing any comments it receives. Similarly, in November 2015 the FDA issued a request for comments regarding the use of the term "natural" in connection with food product labeling. See Use of the Term "Natural" in the Labeling of Human Food Products; Request for Information and Comments, 80 Fed. Reg. 69,905 (Nov. 12, 2015). Among other issues, the FDA is seeking input on whether it should define the term "natural," and, if so, what types of foods should be allowed to bear the term. Id. at 69,908.

Based on the parties' briefs and the Court's own research, it appears that courts addressing the issue since March 5, 2014, have applied the primary jurisdiction doctrine to evaporated cane juice claims. See, e.g., Leonhart v. Nature's Path Foods, Inc., No. 13-CV-00492-BLF, 2014 WL 6657809, at *5 (N.D. Cal. Nov. 21, 2014) (staying claims based on evaporated cane juice); Thomas v. Costco Wholesale Corp., No. 12-CV-02908-BLF, 2014 WL 5872808, at *5 (N.D. Cal. Nov. 12, 2014) (stating, "[t]he trend in this district, given the reopening of the FDA's comment period, has been to stay ECJ claims under the primary jurisdiction doctrine, though some judges have instead dismissed the ECJ claims without prejudice."); Reese v. Odwalla, Inc., 30 F. Supp. 3d 935, 942 (N.D. Cal. 2014) (stating the "FDA's action clearly indicates that the agency is exercising its authority in this area"); see also De Keczer v. Tetley USA, Inc., No. 5:12-CV-02409-EJD, 2014 WL 4288547, at *7 (N.D. Cal. Aug. 28, 2014) (citing cases and stating that the primary jurisdiction doctrine is appropriate where determination of a plaintiff's claim would require a court to decide an issue committed to the FDA's expertise without a clear indication of how the FDA would view the issue).

Most recently, the Ninth Circuit addressed the application of the primary jurisdiction doctrine to claims that the use of the phrases "evaporated cane juice" and "all natural" in yogurt products was misleading. Kane v. Chobani, LLC, No. 14-15670, 2016 WL 1161782 (9th Cir. Mar. 24, 2016). The Ninth Circuit stated that, "[t]he delineation of the scope and permissible usage of the terms 'natural' and 'evaporated cane juice' in connection with food products 'implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry rather than by the judicial branch.'" Id. at *1 (quoting Astiana v. Hain Celestial Grp., Inc., 783 F.3d 753, 760 (9th Cir.

5

2015)). The Ninth Circuit remanded the action to the district court with instructions to stay proceedings under the primary jurisdiction doctrine.

In light of the FDA's ongoing examination of the appropriate regulation of the terms that form the basis of plaintiff's claims in this lawsuit, the Court finds that it is appropriate to defer to the agency's "expert and specialized knowledge" in order to attain "desirable uniformity." City of Osceola, Ark, 791 F.3d at 909. And, because the FDA has indicated that it intends to issue final guidance on the term "evaporated cane juice" by the end of 2016, the countervailing concerns about added expense and delay are not implicated. See Kane 2016 WL 1161782, at *1 (citing Letter from Leslie Kux, Assoc. Comm'r for Policy, FDA, to Judge Edward Chen, U.S. Dist. Court for the N. Dist. of Cal. (July 8, 2015)).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss or stay plaintiff's case pursuant to the primary jurisdiction doctrine [Doc. #15] is **granted**.

**IT IS FURTHER ORDERED** that this case is **stayed** pending resolution of the FDA's proceedings pertaining to the terms "evaporated cane juice" and "natural."

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of April, 2016.