# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

PAUL GEORGE, individually and on behalf
of all others similarly situated in Missouri,

        Plaintiff,

  vs.

                           Case No. 4:15-cv-00962-CEJ

BLUE DIAMOND GROWERS,

        Defendant.

**BLUE DIAMOND GROWERS' SUPPLEMENTAL BRIEF IN OPPOSITION**
**TO PLAINTIFF'S MOTION TO RE-OPEN CASE AND TO LIFT THE STAY**

Defendant Blue Diamond Growers ("Blue Diamond") respectfully submits this supplemental brief in further support of its opposition to Plaintiff's motion to re-open this case and to lift the stay.

As set forth in Blue Diamond's Opposition (Doc. 33), an alternative basis for maintaining the stay of this action is the nationwide class action settlement agreement reached in a parallel, earlier-filed action, *Townsend v. Blue Diamond Growers*, No. 72CV-14-958 (Circuit Court of Washington County, Arkansas) (filed on May 28, 2014) (formerly known as *Strafford v. Blue Diamond Growers*).  Blue Diamond previously reported that the parties to that settlement agreement were in the process of resolving an outstanding issue in order to proceed with seeking preliminary approval of the nationwide settlement. (Doc. 35.)  As an update, on November 17, 2016, the *Townsend* Plaintiffs sought preliminary approval of the nationwide settlement, and an order granting preliminary approval was entered on November 18, 2016.  A copy of the Class Settlement Preliminary Approval Order is attached as Exhibit 1, and the nationwide settlement agreement is attached as Exhibit 2.

1

Federal courts regularly exercise their discretion to stay cases when a pending nationwide class action settlement could impact the claims in the action before them. *See, e.g., Lindley v. Life Investors Ins. Co.*, Nos. 08-CV-0379 (CVE)(PJC), 09-CV-0429, 2009 WL 3296498, at *3 (N.D. Okla. Oct. 9, 2009) (granting stay of federal putative class action pending resolution of nationwide settlement in parallel state court case which resolved claims in several pending putative class actions); *Advanced Internet Techs., Inc. v. Google, Inc.*, No. C-05-02579 RMW, 2006 WL 889477, at *2 (N.D. Cal. Apr. 5, 2006) (granting stay of two federal putative class action lawsuits pending the resolution of a substantially similar class action lawsuit in Arkansas state court in which settlement negotiations were ongoing).[1]   Judicial economy and conservation of resources are served by granting motions to stay where, as here, "[s]ettlement of the [parallel proceeding] would have a material impact on the action [before the court]," including obviating the need for the parties and the court to engage in costly – and potentially unnecessary – discovery, motion practice, and hearings. *Advanced Internet Techs., Inc.*, 2006 WL 889477, at *2; *see also Asarco LLC v. NL Indus., Inc.*, No. 4-11-cv-00864-JAR, 2013 WL 943614, at *2-4 (E.D. Mo. March 11, 2013) (setting forth the grounds for staying an action, including judicial economy); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (a district court

---

[1]   *See also Ali v. Wells Fargo Bank, N.A.*, No. CIV-13-876-D, 2014 WL 819385, at *3 (W.D. Okla. Mar. 3, 2014) (collecting cases); *In re JPMorgan Chase LPI Hazard Litig.*, No. C-11-03058 JCS, 2013 WL 3829271 at *2-5 (N.D. Cal. Jul. 23, 2013) (granting stay in light of advanced settlement discussions in a parallel class action); *Nesbit v. Fornaro*, No. 2:11-cv-00092-PMP-GWF, 2011 WL 1869917, at *2 (D. Nev. Mar. 31, 2011); *Packer v. Power Balance, LLC*, No. Civ. A. 11-802 (WJM), 2011 WL 1099001, at *1-2 (D.N.J. Mar. 22, 2011); *Meints v. Regis Corp.*, No. 09-cv-2061 WQH (CAB), 2010 WL 3058300, at *3 (S.D. Cal. Aug. 2, 2010); *Annunziato v. eMachines, Inc.*, No. SACV 05-610-JVS (MLGx), 2006 WL 5014567, at *5 (C.D. Cal. July 24, 2006); *In re RC2 Corp. Toy Lead Paint Products Liability Litig.*, No. 07 C 7184, 2008 WL 548772, at *5 (N.D. Ill. Feb. 20, 2008); *Chartener v. Provident Mutual Life Ins. Co.*, No. Civ. A. 02-8045, 2003 WL 22518526, at *3 (E.D. Pa. Oct. 22, 2003); *Schwarz v. Prudential-Bache Securities, Inc.*, No. Civ. A. 90-6704, 1991 WL 137157, at *1-2 (E.D. Pa. July 19, 1991).

2

may stay an action pursuant to "the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants.").

In accordance with these copious authorities, this Court has wide discretion to stay this action in light of the *Townsend* nationwide settlement.  As further background, this case, originally filed in Missouri state court on April 20, 2015, follows on several earlier-filed, parallel and overlapping putative class actions filed against Blue Diamond challenging labeling statements made on Blue Diamond's Almond Breeze almond milk products, including *Townsend*.  (See *Melvin v. Blue Diamond Growers*, Case No. BC532044 (Los Angeles County Superior Court) (filed on January 2, 2014); *Townsend v. Blue Diamond Growers*, Case No. CV-14-958-4 (Circuit Court of Washington County, Arkansas) (filed on May 28, 2014); *Vass v. Blue Diamond Growers*, Case No. 1:14-cv-13610-IT (D. Mass.) (filed on September 11, 2014); *Harlam v. Blue Diamond Growers*, Case No. 1:15-cv-00877- MKB-RML (E.D.N.Y.) (filed on February 19, 2015).  Following mediation sessions held on April 17, 2015 and August 4, 2015 before Martin Quinn, Esq. of JAMS in San Francisco, California, the parties to the *Melvin*, *Townsend*, *Vass*, and *Harlam* actions reached a nationwide settlement agreement to resolve all labeling claims against Blue Diamond regarding its Almond Breeze products, including the labeling claims also raised here regarding Blue Diamond's use of the terms "All Natural" and "Evaporated Cane Juice" on the Almond Breeze labels.  (*See* Exhibit 1.)  Thus, the claims of Plaintiff and the putative Missouri class here are fully encompassed within the *Townsend* nationwide settlement.

In addition to the complete overlap of claims, the proposed Missouri class in this action is completely subsumed within the nationwide settlement class preliminarily approved in

*Townsend*.  Indeed, the nationwide settlement agreement provides for provisional certification of the following settlement class:  "[a]ll persons who purchased in the United States, from May 28, 2009 up to and including the date of entry of the Preliminary Approval Order, Blue Diamond Almond Breeze and/or Blue Diamond Nut-Thins Products which were manufactured, advertised, or sold by Defendant Blue Diamond Growers and which (1) bore the labeling statement 'All Natural' or 'Natural' on any portion of the packaging other than the ingredients list; (2) contained the ingredient statement Evaporated Cane Juice . . .."  (Ex. 1, p. 10.)  Similarly, the proposed class definition in this case is: "All persons in Missouri who purchased All Natural Blue Diamond Almond Breeze Almond Milk in the five years preceding the filing of this Petition (the "Class Period") [April 20, 2010 – April 20, 2015]."  (George Complaint, ¶ 31.)

Moreover, any attempt by Plaintiff and the putative class here to move forward with this case in the face of the pending *Townsend* settlement approval proceedings is precluded by the *Townsend* court's order preliminarily approving the settlement, which provides: "The Court enjoins the members of the Settlement Class, pending the Fairness Hearing and final determination of whether the Settlement Agreement should be approved, from challenging in any action or proceeding any matter covered by this Settlement Agreement or its release, except for proceedings in this case related to effectuating and complying with the Settlement Agreement." (Exhibit 1, p. 10.)

Accordingly, due to the complete overlap in the claims and putative class presented in this case and the claims and settlement class involved in the *Townsend* nationwide settlement, plus the *Townsend* court's order enjoining Plaintiff and the putative class here from proceeding with this action in the interim, this Court should continue the stay of this action pending final

court approval of the nationwide class action settlement agreement in the parallel *Townsend* class action.

Dated:  November 22, 2016                    Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.


By: /s/ James P. Muehlberger

James P. Muehlberger, #51346MO
Douglas B. Maddock, Jr., #53072MO
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Telephone:  (816) 474-6550
Facsimile:  (816) 421-5547
jmuehlberger@shb.com
dmaddock@shb.com

Lawrence M. Cirelli, SBN 114710 (CA)
(*admitted pro hac vice*)
Megan Oliver Thompson, SBN 256654 (CA)
(*admitted pro hac vice*)
Geoffrey R. Pittman, SBN 253876 (CA)
(*admitted pro hac vice*)
HANSON BRIDGETT LLP
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:  (415) 777-3200
Facsimile:  (415) 541-9366
lcirelli@hansonbridgett.com
moliverthompson@hansonbridgett.com
gpittman@hansonbridgett.com

*Attorneys for Blue Diamond Growers*

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 22, 2016, the foregoing document was served upon the following via the Court's electronic filing system and/or electronic mail:

Matthew H. Armstrong
Armstrong Law Firm LLC
8816 Manchester Rd., No. 109
St. Louis, MO 63144
matt@mattarmstronglaw.com

Julie Piper-Kitchin
KamberLaw LLC
4514 Cole Ave., Ste. 600
Dallas, TX 75205
jkitchin@kamberlaw.com

*Attorneys for Plaintiff*

 /s/ James P. Muehlberger_____
*Attorney for Blue Diamond Growers*