UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL GEORGE, individually and on behalf of all others similarly situated in Missouri, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   Case No. 4:15-cv-00962-ECJ |
| BLUE DIAMOND GROWERS, | ) ) ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF**

Plaintiff Paul George ("Plaintiff") files this memorandum in opposition to Defendant Blue Diamond Growers' Motion for Leave to File a Supplemental Brief (Doc. 38).

Defendant's Motion for Leave to File a Supplemental Brief in Opposition to Plaintiff's Motion to Re-Open the Case and Lift the Stay offers no new arguments or law and should, therefore, be denied. The parties have fully briefed the issues raised by Plaintiff's original Motion to Re-Open the Case and Lift the Stay. Local Rule 7-4.01(c) states that "[a]dditional memoranda [beyond a reply memorandum] may be filed by either party only with leave of Court." There is no local rule that permits a party to file a supplemental brief without first getting this Court's permission. Yet, in this case, Defendant tries to subvert this rule by attaching its proposed Supplemental Memorandum as an exhibit to its Motion for Leave to file such a memorandum before receiving permission to do so. *See Hartford Fire Ins. Co. v. Clark*, No. 03-CV-3190, 2010 WL 428803, at *1 (D. Minn. Jan. 29, 2010) ("An attorney should not write a supplemental brief until he or she first receives permission to submit such a brief."). For this reason alone, Defendant's Motion should be denied.

Further, as stated in Plaintiff's Reply in Support of his original Motion, the *Townsend* case to

1

which Defendant refers does not have a class representative with standing to settle the Missouri claims, and, in particular the claims made under the MMPA.  In order to settle a case on behalf of Missouri consumers, a named plaintiff must have standing to bring such a suit.  But, a plaintiff does not have standing to bring claims under the laws of states where no named plaintiff is located and where no named plaintiff has purchased a product.  *See e.g. In re Wellbutrin XL Antitrust Litigation*, 260 F.R.D. 143 (E.D. Pa. 2009).  In this instance, the only Missouri plaintiff with standing to bring claims under the MMPA and under Missouri unjust enrichment laws is Plaintiff Paul George.

Alternatively, if this Court finds that the Circuit Court of Washington County, Arkansas, where the *Townsend* matter is pending, is the appropriate forum in which to address Plaintiff's concerns, Plaintiff will bring his concerns and/or objections to the proposed settlement to that court's attention.

## CONCLUSION

For the foregoing reasons set forth above, Defendant Blue Diamond Growers' Motion for Leave to File a Supplemental Brief should be denied.

Dated: November 28, 2016

Respectfully submitted,

/s/ *Matthew H. Armstrong*
Matthew H. Armstrong
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis MO 63144
Tel:    314-258-0212
Email: matt@mattarmstronglaw.com

Julie E. Piper-Kitchin
KAMBERLAW, LLC
8816 Manchester Rd., Suite 250
St. Louis, MO 63144
Tel:    314-330-3255
Email: jkitchin@kamberlaw.com

Attorneys for Plaintiff and the Putative Class

## CERTIFICATE OF SERVICE

      I hereby certify that on November 28, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which electronically delivered a copy of the same to all counsel of record.

                                      /s/ *Matthew H. Armstrong*