UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL GEORGE, individually and on behalf of all others similarly situated in Missouri,<br><br>    Plaintiff,<br><br>vs.<br><br>BLUE DIAMOND GROWERS,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 4:15-CV-962 (CEJ)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to reopen case and lift stay. Defendant has filed a response in opposition and the issues are fully briefed.

### I.   Background

Defendant manufactures Almond Breeze almond milk. Plaintiff alleges that defendant's use of the terms "all natural" and "evaporated cane juice" on the product label constitutes deceptive, unfair and false merchandising practices, in violation of the Missouri Merchandising Practices Act (MMPA), Mo.Rev.Stat. §§ 407.010 *et seq*. He filed suit on behalf of himself and a putative class, consisting of all persons in Missouri who purchased the product in the preceding five years. At the time the case was filed, the challenged terms were the subject of regulatory proceedings before the Food and Drug Administration (FDA). Accordingly, the Court stayed the action pending resolution of the FDA proceedings and ordered the case administratively closed. [Docs. # 30 and # 31]. On May 25, 2016, the FDA issued guidance regarding the use of the term "evaporated cane juice." The FDA has also accepted comment for, but has not indicated when it will issue guidance on, on the use of the term "natural." Plaintiff argues that the FDA is unlikely to provide

guidance on this term for the foreseeable future and asks the Court to lift the stay on this case.

On November 17, 2016, the Circuit Court of Washington County, Arkansas, granted preliminary approval to a class action settlement agreement for all persons in the United States who purchased Almond Breeze between May 28, 2009, and November 17, 2016. See Class Action Preliminary Approval Order, Townsend v. Blue Diamond Growers, No. 72CV-14-958 (Circuit Ct. Wash. Cty, Ark. Nov. 18, 2016) [Doc. # 42-1]. A fairness hearing is scheduled for March 29, 2017. Defendant argues that, because there is complete overlap of the claims and the putative class represented in this case and the settlement class, the stay entered in this action should remain in place pending final approval of the settlement in the Townsend action.

**II.  Discussion**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "A district court has broad discretion to stay proceedings when appropriate to control its docket." Sierra Club v. U.S. Army Corps of Eng'rs, 446 F.3d 808, 816 (8th Cir. 2006). Relevant factors include the conservation of judicial resources and the parties' resources, maintaining control of the court's docket, providing for the just determination of cases, and hardship or inequity to the party opposing the stay. Edens v. Volkswagen Grp. of Am., Inc., No. 16–cv–0750 (WMW/LIB), 2016 WL 3004629, at *1–2 (D. Minn. May 24, 2016) (citations omitted). In determining whether to stay proceedings, a district court must exercise judgment by weighing "competing interests" and maintaining "an even balance."

Landis, 299 U.S. at 254-55. "The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997).

After considering the relevant factors, the Court finds that it is appropriate to maintain the stay in this case until the conclusion of the Townsend matter. With respect to hardship or inequity to plaintiff, the Court is aware that plaintiff has substantive objections to the proposed settlement. But he has the option to file an objection in the Townsend action. Alternatively, he can opt out from the Townsend settlement and not be bound by its terms. If plaintiff opts out of the settlement, he will be free to pursue his claims against defendant on an individual basis. In addition, proceeding with this case while a potential nationwide settlement that encompasses plaintiff's claims is pending would cause the parties to expend considerable resources conducting discovery and briefing motions that may be unnecessary. Finally, a stay in this case would conserve judicial resources and promote judicial economy. See Albert v. Blue Diamond Growers, No. 15 CIV. 4087 (VM), 2017 WL 213242, at *3 (S.D.N.Y. Jan. 10, 2017) (granting motion to stay consumer class action brought pursuant to New York law).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reopen case and lift stay [Doc. # 32] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of February, 2017.

3